## Charles R. Russell v. Gideon L. Utter.

1. Verdict—*when not disturbed.* The Appellate Court will not disturb a verdict upon a mere question of fact where the evidence is conflicting and there is no clear preponderance one way or the other.

Action commenced before justice of the peace. Appeal from the Circuit Court of Wabash County; the Hon. Prince A. Pearce, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904. Rehearing denied August 25, 1904.

E. B. Green and Theodore G. Risley, for appellant.

Mundy & Phipps and Landes & Kolb, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit brought by appellee before a justice of the peace, to recover commissions claimed to be due him for selling a farm belonging to appellant. On appeal to the Circuit Court, a jury was waived, the case tried by the court, the issues found for appellee and judgment entered in his favor for $150.

The propositions of law submitted by appellant treated only of the rules which should govern the court in the consideration of the evidence and were all given by the court. No question of law is raised in this case, the sole contention of appellant being that the findings of the court were contrary to the weight of the evidence.

Appellee testified that appellant employed him to sell the farm, there being no special contract as to the amount of commissions to be paid; that he sold the farm and appellant conveyed the same to the purchaser; that appellant paid him $10 on his commissions, and that after giving credit for the amount so paid and a store bill of $40, which appellee owed to the firm of which appellant was a member, there was yet due appellee for his reasonable commissions the sum of $150. Appellant on the other hand testified that he at one time engaged appellee and his brother, who were then engaged in the real estate business together, to sell another farm for him; that they did not sell that

farm but exchanged it for the one which appellee claims to have afterwards sold; that he paid appellee and his brother $100 for making the exchange, with the distinct understanding that they were to sell the farm taken in exchange by him for nothing. Appellant also claims that after the sale of the second farm was made, appellee claimed commissions therefor; that he told appellee that he did not owe him anything but that in order to close the matter up, he gave him credit for his store account of $40 and a check on the bank for $10, which the latter accepted in full for the claimed debt. Appellee denied both the agreement to sell the farm in consideration of the $100 paid at the time of the exchange, and the subsequent compromise. Appellee introduced witnesses tending to corroborate his testimony, and the witnesses examined on behalf of appellant gave testimony tending to corroborate the latter. The trial judge had the witnesses before him and was in a much better position to determine their credibility and the weight which should be given to their testimony than we are.

· We find nothing in the record in this case to warrant us in disturbing the findings of the court below, and the judgment is accordingly affirmed.

*Affirmed.*